CC-2001-217                                                        1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Guillermo Quiñones Villegas, Juan Quiñones De Jesús, Ramón Quiñones Encarnación, Daniel Quiñones De Jesús, y otros Peticionarios<br><br>v.<br><br>José Israel Hernández Pérez, Rosa Enid Hernández Pérez Recurridos | Certiorari<br><br>2002 TSPR 142<br><br>158 DPR _____ |

Número del Caso: CC-2002-665

Fecha: 31 de octubre de 2002

Tribunal de Circuito de Apelaciones:
                        Circuito Regional I

Juez Ponente:
                        Hon. Nydia M. Cotto Vives

Abogado de la Parte Peticionaria:
                        Lcdo. Erick V. Kolthoff Caraballo

Abogado de la Parte Recurrida:
                        Lcdo. Jorge L. Guerrero Calderón

Materia: Impugnación de Testamento

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Guillermo Quiñones Villegas,
Juan Quiñones De Jesús, Ramón
Quiñones Encarnación, Daniel
Quiñones De Jesús, y
otros

      Peticionarios

        v.

                           CC-02-0665    Certiorari

José Israel Hernández Pérez,
Rosa Enid Hernández Pérez

      Recurridos

PER CURIAM
(Regla 50)

San Juan, Puerto Rico, a 31 de octubre de 2002.

El 3 de septiembre de 2002, los aquí peticionarios[1] acudieron ante esta Curia, mediante recurso de <u>Certiorari</u>, solicitando que revoquemos el dictamen emitido por el Tribunal de Circuito de Apelaciones el 27 de febrero de 2002. Dicho foro desestimó el recurso de apelación presentado, al

---

[1] Guillermo Quiñones Villegas, Juan Quiñones de Jesús, Ramón Quiñones Encarnación, Daniel Quiñones de Jesús, Silvestre Quiñones de Jesús, Fidel Quiñones de Jesús, Amalia Quiñones Encarnación, José Antonio Quiñones Villegas, Carmen Iris Quiñones Fargas, Maxcimina Villegas Encarnación, Hipólita Quiñones Encarnación, Juan Confesor Quiñones Fargas y Ángel Villegas Arroyo.

concluir que se incumplió con la Regla 16 (E)(1)(d) y
(e) del Reglamento del Tribunal de Circuito de

Apelaciones,[2] por no haberse presentado ciertos documentos "necesarios para poner al Tribunal en posición de entender en el mismo".[3] Una vez examinado el recurso ante nos, expedimos el auto y procedemos a resolver sin trámite ulterior, de conformidad con la autoridad que nos confiere la Regla 50 de nuestro Reglamento.[4]

I

El 23 de abril de 1981, el señor Francisco Quiñones Encarnación otorgó testamento abierto, en el que manifestó haberse casado en únicas nupcias con la señora Rosa Pérez Pérez, de cuyo matrimonio **no** procreó hijos. Instituyó único y universal heredero en la porción de sus bienes correspondiente a la legítima, a su padre Fidel Quiñones Jiménez y, para el caso de éste premorir, instituyó como heredera sustituta a su esposa, la señora Pérez Pérez. Además, legó a su esposa la mitad de la totalidad del caudal, correspondiente a la libre disposición y, en caso de que ésta premuriera, dicha porción habría de corresponder a la señora Rosa Enid Hernández Pérez y al señor José Israel Hernández Pérez, **hijos de la señora Pérez Pérez**.[5] **A éstos últimos los denominó herederos universales sustitutos, en caso de que su padre, el señor Fidel Quiñones Jiménez, y su**

---

[2] 4 L.P.R.A. Ap. XXII-A, R. 16 (E)(1)(d) y (e).

[3] Apéndice del recurso de <u>Certiorari</u>, pág. 3.

[4] 4 L.P.R.A. Ap. XXI-A, R. 50.

[5] Apéndice del recurso de <u>Certiorari</u>, págs. 148-161.

**esposa, la señora Rosa Pérez Pérez, le premurieran.**[6] Al momento de testar, el señor Francisco Quiñones Encarnación, no tenía descendientes.

La señora Rosa Pérez Pérez y el señor Fidel Quiñones Jiménez premurieron al testador. Como consecuencia del fallecimiento de éstos, previo al del testador el 26 de enero de 1996, y a tenor con la voluntad testamentaria, la señora Rosa Enid Hernández Pérez y el señor José Israel Hernández Pérez se constituyeron en los únicos y universales herederos del causante.[7]

El 13 de mayo de 1997, los hermanos y sobrinos del causante, Guillermo Quiñones Villegas, Juan Quiñones de Jesús, Ramón Quiñones Encarnación, Daniel Quiñones de Jesús, Silvestre Quiñones de Jesús, Fidel Quiñones de Jesús, Amalia Quiñones Encarnación, José Antonio Quiñones Villegas, Carmen Iris Quiñones Fargas, Maxcimina Villegas Encarnación, Hipólita Quiñones Encarnación, Juan Confesor Quiñones Fargas, y Ángel Villegas Arroyo, radicaron demanda sobre nulidad de testamento contra el señor José Israel Hernández Pérez y la señora Rosa Enid Hernández Pérez.[8] Alegaron, que el testamento era nulo, ya que para la fecha de su otorgamiento el causante Francisco Quiñones Encarnación estaba totalmente

---

[6] Íd., págs. 150-151.

[7] Apéndice del recurso de <u>Certiorari</u>, págs. 21-22. Relación de hechos según relatada en la Sentencia del Tribunal de Primera Instancia.

[8] Apéndice del recurso de <u>Certiorari</u>, págs. 31-45.

incapacitado mental y físicamente.  En la alternativa, alegaron que el testamento fue otorgado mediante dolo.[9]

Los demandados contestaron la demanda negando las alegaciones y, posteriormente, se inició el descubrimiento de prueba.  Se tomaron varias deposiciones a las partes y éstas sometieron sendos informes periciales con relación a la condición de salud del testador.[10]

Luego de varios incidentes procesales, el 8 de septiembre de 2000, la parte demandada solicitó se dictara sentencia sumaria desestimando la demanda.[11]  El Tribunal de Primera Instancia declaró con lugar la referida moción y dictó sentencia sumaria el 6 de abril de 2001, archivada en autos copia de su notificación el 20 de junio del mismo año.[12] Declaró válido el testamento, al concluir que los demandantes carecían de prueba fehaciente para impugnarlo.[13]

El 17 de julio de 2001, la parte demandante presentó un recurso de apelación ante el Tribunal de Circuito de Apelaciones.  Alegó que erró el foro de primera instancia: (1) al dictar sentencia sumaria, aún cuando surgían claramente de los documentos y argumentos presentados controversias reales y sustanciales de hechos materiales; y (2) al permitir que los procedimientos en el caso continuaran, dictando sentencia sin

---

[9] Íd., págs. 33-34.

[10] Íd., pág. 20.  Relación de hechos según relatada en la Sentencia emitida por el Tribunal de Primera Instancia.

[11] Apéndice del recurso de Certiorari, págs. 48-56.

[12] Íd., págs. 20-30.

[13] Íd., pág. 26.

que las partes estuvieran debidamente representadas por abogado. El 27 de febrero de 2002, el foro intermedio apelativo emitió sentencia desestimando el recurso de apelación, por incumplimiento con la Regla 16 (E)(1)(d) y (e) del Reglamento del Tribunal de Circuito de Apelaciones, supra. Erróneamente, hizo referencia al expediente de otro caso.

Oportunamente, el 19 de marzo de 2002, la parte demandante radicó moción de reconsideración, alegando que había presentado **"todos los documentos que forman parte del expediente, y que eran necesarios para poner a este Honorable** [sic] **Tribunal en posición de resolver los dos errores señalados".**[14] (Énfasis en el original.) El 1 de agosto de 2002, el Tribunal de Circuito de Apelaciones emitió resolución, notificada a las partes el 6 de agosto del mismo año, en la que declaró no ha lugar la moción de reconsideración.

Inconforme, la parte demandante, y apelante ante el Tribunal de Circuito de Apelaciones, acude ante nos, mediante recurso de Certiorari presentado el 3 de septiembre de 2002, señalando como errores cometidos por dicho Tribunal los siguientes:

1.   **Incidió el T.C.A. al confundir el expediente del caso de autos, con el expediente del caso KLAN200001393, Domiciano Valentín Maldonado, Et al. v. Rodrigo Ruiz Maisonet, Et al., el cual había sido resuelto por el mismo panel y por la misma Juez ponente, prácticamente un mes antes, lo que no le permitió evaluar toda la documentación habida en el apéndice del recurso en este caso.**

---

[14] Apéndice del recurso de Certiorari, pág. 60.

> 2.  **Incidió el T.C.A. al desestimar la apelación por incumplimiento con la con la [sic] Regla 16(E)(d) y (e) del Reglamento del Tribunal del Circuito de Apelaciones, en vista de que la parte demandante – apelante sí presentó con el recurso todos los documentos que forman parte del expediente, y que eran relevantes y/o útiles para poner al Tribunal en posición de resolver los dos errores señalados en el mismo.**

> 3.  **Incidió el T.C.A. al obviar la consideración del segundo de los errores señalados en el Recurso, error para el cual la parte demandante – apelante también presentó con el recurso todos los documentos que forman parte del expediente, y que eran relevantes y/o útiles para poner al Tribunal en posición de resolver el mismo. (Énfasis en el original.)**

Al amparo de la Regla 50 del Reglamento de este Tribunal, supra, resolvemos.


II

Examinado el presente recurso, así como su apéndice, encontramos que la Sentencia recurrida, emitida por el Tribunal de Circuito de Apelaciones, estuvo fundamentada erróneamente en el caso número KLAN0001393, Valentín Maldonado v. Ruiz Maisonet.[15] Dicho caso había sido resuelto prácticamente un mes antes por el mismo panel y por la misma juez ponente. Aunque el foro intermedio apelativo expone una relación de hechos correcta, al aplicar el derecho, utilizó incorrectamente el cuadro fáctico del expediente del caso antes mencionado. De este modo, dicho foro realizó erróneamente una composición entre el presente caso y el caso KLAN0001393, Valentín Maldonado v. Ruiz Maisonet.

---

[15] Resuelto el 31 de enero de 2002.

La sentencia recurrida, emitida por el Tribunal de Circuito de Apelaciones, expresa que "los esposos Ruiz Valentín", quienes no eran parte en el presente caso, sino en otro, habían omitido incluir documentos requeridos por la Regla 16 (E)(1)(d) y (e) del Reglamento de dicho foro intermedio apelativo. Específicamente, el Tribunal de Circuito de Apelaciones señaló que no se habían incluido los siguientes documentos: copia de la "resolución" del Tribunal de Primera Instancia o, en ausencia de ésta, la "minuta" que contenía la decisión apelada; y la moción de sentencia sumaria radicada por la parte "demandante". Igual fundamento esbozó el Tribunal de Circuito de Apelaciones en <u>Valentín Maldonado v. Ruiz Maisonet</u>, KLAN0001393, para desestimar el recurso de apelación allí presentado.

En el caso de autos, la decisión apelada fue una sentencia sumaria emitida por el Tribunal de Primera Instancia, no una resolución. Como bien señala la parte aquí peticionaria, copia de dicha sentencia fue incluida en el apéndice del recurso de apelación presentado ante el Tribunal de Circuito de Apelaciones. Por otro lado, la moción que sirvió de base para que el Tribunal de Primera Instancia dictara la sentencia sumaria apelada ante el Tribunal de Circuito de Apelaciones, fue radicada por la parte demandada, no por la parte demandante, habiéndose incluido copia de la misma en el apéndice del recurso de apelación presentado ante ese foro intermedio apelativo.

A tenor con lo anteriormente expuesto, concluimos que dicho foro erró al fundamentar su dictamen en el expediente del caso <u>Valentín Maldonado v. Ruiz Maisonet</u>, KLAN0001393, en lugar del correspondiente al caso que nos ocupa.

III

Por los fundamentos antes expuestos, procede revocar la sentencia emitida por el Tribunal de Circuito de Apelaciones y devolver el presente caso a dicho Tribunal para que atienda y disponga del recurso de apelación allí presentado.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Guillermo Quiñones Villegas,
Juan Quiñones De Jesús,
Ramón Quiñones Encarnación,
Daniel Quiñones De Jesús, y
otros

      Peticionarios

          v.

José Israel Hernández Pérez,
Rosa Enid Hernández Pérez

      Recurridos

CC-02-0665     Certiorari

SENTENCIA

San Juan, Puerto Rico, a 31 de octubre de 2002.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se revoca la sentencia emitida por el Tribunal de Circuito de Apelaciones. Se devuelve el caso a dicho Tribunal para que atienda y disponga del recurso de apelación allí presentado.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Fuster Berlingeri no intervinieron.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo